UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                                                ORDER

MICHAEL HALL,                                     18-CR-431 (CS)

                Defendant.
-------------------------------------------------------x

Seibel, J.

        Before the Court is Defendant Michael Hall's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 28); the Government's opposition thereto, (Doc. 30); and Defendant's reply, (Doc. 31).

        On May 9, 2019, Defendant was sentenced principally to 120 months' imprisonment. (Doc. 21.) That sentence was below the advisory Sentencing Guidelines range of 151-188 months. (Doc. 25 ("PSR") ¶ 85.) He has served approximately thirty-one of those 120 months.

        Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family

circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.¹  "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A).  *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Defendant argues that the dangers presented by the coronavirus pandemic at FCI Williamsburg, combined with medical conditions – specifically, unspecified respiratory disorder, rhinitis and hypertension – that put him at increased risk for a severe case should he develop COVID-19, amount to an extraordinary and compelling reason.  The unspecified respiratory disorder and the rhinitis (runny or stuffy nose) are treated with a nasal spray, do not appear to be serious and are not on the list of conditions that the Centers for Disease Control ("CDC") has identified as causing, or even possibly causing, increased risk for severe disease if one contracts COVID-19.  The CDC has identified hypertension as a condition that might be a risk factor, but Defendant's medical records show that his case is well controlled.  Of the approximately 1300 inmates at FCI Williamsburg, only two are positive for COVID-19.  I acknowledge that social distancing is all but impossible in prison, and that Defendant's situation is not risk-free.  But he has a mild case of a condition that might or might not be a risk factor, and his institution thus far

---

¹Section 1(D) of the Application Note states: "Other Reasons – As determined by the Director of the Bureau of Prisons [("BOP")], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the [other three reasons]."  But  "Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant," *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020), so I am not constrained by the BOP's or the Application Note's interpretation of extraordinary and compelling circumstances, *see id.* at 237 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

has remarkably few cases.  His situation does not rise to the level of extraordinary and compelling.

Even if it did, I would still have to consider the § 3553(a) factors.  They militate strongly against release barely a quarter of the way into Defendant's already-below-Guidelines sentence.  It is true, as he argues, that Defendant's conviction involved the relatively small amount of drugs he sold to an informant on nine occasions – eight grams of crack and twenty-two grams of heroin, (PSR ¶¶ 16- 17) – but he had also sold a gun, (*id.* ¶ 19), and upon his arrest he threatened witnesses and vowed to continue breaking the law, (*id.* ¶ 18).  It is also true that his most recent conviction before this one was relatively minor, and that he had not had a felony conviction for about ten years before his instant arrest – but he had spent a good portion of that ten years in prison.  It is also true that his designation as a career offender under the Sentencing Guidelines caused a substantial increase in his Guidelines range – but that is because he has a serious criminal record.  I took all of these factors into account at sentencing in going below the Guidelines range.

But there is no getting around that fact that the instant conviction was Defendant's ninth and his fifth felony.  Four of his priors involved weapons or violence.  He has violated probation or parole six times.  His reaction upon his arrest in this case included not only threats to witnesses but a vow to continue committing crimes.  He was not an immature youth at the time but a man of thirty-four.  To let Defendant out now would seriously several of the purposes of sentencing.  It would not sufficiently address the history and characteristics of the Defendant, especially his abysmal criminal record, disrespect of the law, sale of a gun, and threats.  It would not be just punishment, would insufficiently deter Defendant and others, and would introduce unwarranted sentencing disparities.  It would promote disrespect for the law if someone wth

Defendant's string of convictions and violations of probation and parole were released after serving only about a quarter of his sentence.  Perhaps most importantly, release at this point would not suffice to protect the public from further crimes – unfortunately a likelihood given Defendant's long rap sheet and multiple violations of probation and parole.  There is simply, sad to say, no reason to believe that release of Defendant under supervision this time around would be any more successful than it has been in the past.  In short, if there were extraordinary and compelling circumstances, the § 3553(a) factors would outweigh them.

      For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to terminate Doc. 28.

Dated: December 11, 2020
       White Plains, New York

                                         *Cathy Seibel*
                                         CATHY SEIBEL, U.S.D.J.